## ARTHUR BABB v. STATE.

No. A.-4235.　Opinion Filed Sept. 8, 1923.

(217 Pac. 1054.)

Appeal from County Court, Garfield County; E. L. Swigert, Judge.

Arthur Babb was convicted of the unlawful manufacture of intoxicating liquor, and he appeals. Reversed and remanded.

H. J. Sturgis, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. Appeal from the county court of Garfield county. Conviction of manufacturing intoxicating liquor, with punishment assessed at a fine of $500 and imprisonment in the county jail for 180 days. Judgment rendered November 9, 1921. Petition in error and case-made filed in this court March 6, 1922.

It is contended that the evidence is insufficient to sustain a conviction. The conviction is based upon the evidence of Charles Blakely, an accomplice, and the testimony of other witnesses corroborative of Blakely's testimony. The testimony of Blakely makes out a clear case of guilt on the part of this defendant, of the crime charged, and, if a conviction in this state were permissible upon the uncorroborated testimony of an accomplice, this conviction could stand.

Section 2701, Compiled Statutes 1921, provides:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the crcumstances thereof."

It is contended by counsel for plaintiff in error that the corroboration of the accomplice in this case only tends to show the commission of the offense, and wholly fails to tend to connect this plaintiff in error with this commission. We find ample evidence in the record of witnesses other than the accomplice, which tends to prove the manufacture of intoxicating liquor by somebody, but the testimony of these witnesses other than the accomplice wholly fails to have any tendency to connect the defendant with the offense charged.

There are some suspicious circumstances in evidence, but such circumstances, when considered in connection with the accomplice's testimony, do not necessarily tend to connect the defendant with the crime charged. The Legislature has been fit to provide that a conviction cannot be based upon the uncorroborated testimony of an accomplice. The Legislature has also further provided that, if an accomplice be corroborated, the corroborating testimony must go further than merely prove the commission of the crime by somebody; the corroborating testimony must tend, when considered with the accomplice's testimony, to connect the defendant with the commission of the offense. If it does not do so, the conviction cannot stand. The testimony, then, as a whole is sufficient in law to sustain the conviction. The evidence in this case shows conclusively that the witness Blakely was an accomplice, and, in the opinion of the court, corroboration of his testimony was insufficient in law to sustain the conviction.

For such reason the judgment is reversed, and the cause remanded to the trial court, for further proceedings not inconsistent with this opinion.